IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **FELIX D. ORTEGA, AIS 273941,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| **v.** | )    Case No. 2:20-cv-842-RAH-CWB |
| | ) |
| **JEFFERSON DUNN, et al.,** | ) |
| | ) |
|     **Defendants.** | ) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

On March 8, 2023, Plaintiff Felix Ortega passed away. (Doc. 30). Defendants thereafter filed a suggestion of death on March 21, 2023 as contemplated by Rule 25(a)(1) of the Federal Rules of Civil Procedure. (*Id.*). On April 6, 2023, Defendants notified the court that the suggestion of death was being served upon Plaintiff's sister by regular mail and certified mail. (*See* Docs. 32, 32-1, 32-2). Pursuant to Rule 25(a)(3), service upon such a non-party must be made as provided in Rule 4, which in turn authorizes service under <u>either</u> "the law of the state in which the district court is located," which would be Alabama, "or [the law of the state] in which service is effected," which would be South Carolina. *See* Fed. R. Civ. P. 4(e)(1). Defendants have now confirmed that the return receipt card associated with the certified mailing was executed by Plaintiff's sister on April 6, 2023. (Docs. 34, 34-1). The undersigned finds the method of service to be substantially compliant with the Alabama Rules of Civil Procedure and sufficient to satisfy the requirements of Rule 25(a)(3). *See* Ala. R. Civ. P. 4.

More than ninety days have now elapsed since the suggestion of the death was served, and no motion for substitution has been filed by any successor or representative. Pursuant to Rule 25(a)(1), if no such motion is filed within that period, "the action by or against the decedent must be dismissed."

Accordingly, it is the **RECOMMENDATION** of the Magistrate Judge that this action be **DISMISSED** with prejudice and with no costs taxed. The clerk of court is **DIRECTED** to send a copy of this Recommendation to Plaintiff's sister as follows:

Ms. Maribel Ortega
202 Glendale Avenue
Laurens, SC 28360

It is **ORDERED** that any objections to this Recommendation must be filed no later than August 9, 2023. An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection. Frivolous, conclusive, or general objections will not be considered. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to this Recommendation shall bar a party from a de novo determination by the District Court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order that is based on factual findings and legal conclusions accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

**DONE** this the 26th day of July 2023.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**